289 So.2d 176 (1973)
James L. GALLOWAY
v.
STANDARD LIFE AND ACCIDENT INSURANCE COMPANY.
No. 9628.
Court of Appeal of Louisiana, First Circuit.
December 17, 1973.
Michael J. Paduda, Jr., and John N. Gallaspy, Bogalusa, for appellant.
*177 Donald M. Fendlason, Bogalusa, for appellee.
Before LANDRY, ELLIS and PICKETT, JJ.
ELLIS, Judge:
James L. Galloway granted a mortgage on his home to Delta Mortgage Company on January 8, 1969. Thereafter, he was solicited through the mails, by Delta, to purchase mortgage protector insurance, which provides for payment of the mortgage note while the insured is suffering from a disabling injury or sickness. Mr. Galloway mailed a response, and, sometime thereafter, was called on by a salesman.
Mr. Galloway informed the salesman that he was presently collecting disability insurance as the result of a heart condition from which he had suffered since 1966. Mr. Galloway was then employed full time as a truck driver, and had been working full time at various jobs for some time. The salesman advised him that he was not eligible for life insurance protection, but, since he was working full time, he could purchase the mortgage payment protection plan. Mr. Galloway then filled out an application reading as follows:
"YES, I want to exercise my right to participate in the Mortgage Payment Protection Plan underwritten by STANDARD LIFE AND ACCIDENT INSURANCE COMPANY.
"I understand there will be an addition of only $5.67 a month to be added to my regular monthly mortgage payments.
"This coverage will become effective with your 1/70 payment.
"I am now actively employed, under age 60, in good health, and do not contemplate an operation."
Thereafter, Standard Life and Accident Insurance Company issued its certificate of insurance, effective January 1, 1970, to Mr. Galloway.
The certificate provides for payment of benefits under the policy when "sickness commencing more than thirty (30) days after the effective date of the insurance shall totally and continuously disable the Insured Borrower for more than thirty (30) days ..."
Medical testimony in the record shows that Mr. Galloway first suffered with coronary disease and angina pectoris in June and July, 1965. In mid-1966, Mr. Galloway was given a disability retirement from the Bogalusa Fire Department, where he was then employed, because of his heart condition. He was still receiving retirement payments at the time the certificate of insurance was issued. He continued to see his physician, and was hospitalized in March, 1968, with a diagnosis of arteriosclerotic heart disease, angina.
Mr. Galloway did not consult a physician, and worked full time in various jobs, until about April 1, 1971, when he was hospitalized in Bogalusa and then in the Veterans Administration Hospital in New Orleans. Once again, he was found to be suffering with arteriosclerotic heart disease and angina pectoris. Based on his history, the doctor at the V.A. Hospital was of the opinion that Mr. Galloway had been suffering from the condition for some time. Mr. Galloway was found to be disabled because of his heart condition. Throughout the entire period from 1965 until the time of the trial, Mr. Galloway took nitroglycerine tablets for the angina pectoris.
The insurance company refused to pay any benefits under the policy on the basis that the sickness which disabled Mr. Galloway commenced prior to the 30 days after the effective date of the policy.
This suit was filed by Mr. Galloway against Standard Life, and, after trial on the merits, judgment was rendered in favor of plaintiff, and defendant has appealed. After the record was lodged in this court, James L. Galloway died, and his widow and minor daughter have been instituted as parties plaintiff.
*178 In ruling in favor of plaintiff, the trial judge found that Standard Life had full knowledge of plaintiff's condition at the time the policy was issued, because of the disclosure made to its agent. Because of the representations made by the agent to Mr. Galloway, that he was insurable because fully employed, the trial court found that Mr. Galloway was entitled to benefits under the policy, particularly in view of the fact that he had worked for over 15 months after the effective date of the policy before becoming disabled.
Defendant does not contest the validity of the policy. Its defense is based on the exclusionary language thereof, which limits coverage to disabilities arising out of sickness commencing more than 30 days after the policy date. It contends that Mr. Galloway's sickness existed as far back as 1965. It further contends that no representations made by the agent can alter the terms of the policy as written.
With respect to the latter contention, we find no such provision in the certificate of insurance, and were not furnished a copy of the master policy. However, since R.S. 22:213(A)(1) requires that health and accident policies contain a provision to that effect, we must presume that it was in the master policy and give effect thereto.
Neither do we have any difficulty in determining that Mr. Galloway was suffering from the sickness which caused his disability as early as 1965, and continuously thereafter. The medical testimony is unanimous to that effect.
We are of the opinion that the questions raised by plaintiff as to the effect of the representations allegedly made by the agent are immaterial, and that the resolution of this case depends on the interpretation of the language of the insurance contract.
In order for plaintiff to prevail, we would have to hold that "sickness", as used in the policy, does not embrace a chronic condition dormant, but refers only to an acute, disabling phase of the same condition. We considered and rejected such a contention in Vidrine v. Reserve Life Ins. Co., 58 So.2d 251 (La.App. 1 Cir. 1952).
Finally, we point out that Succession of Green v. Capitol Life Insurance Co., 242 So.2d 114 (La.App. 4 Cir. 1970) relied on by plaintiff, involves a policy provision in no way similar to that under consideration herein, and is not applicable here.
The judgment appealed from is therefore reversed, and there will be judgment herein in favor of defendant Standard Life and Accident Insurance Company and against plaintiffs, Rena Stafford Galloway, individually and as natural tutrix of Deborah Ann Galloway, dismissing plaintiffs' suit at their cost.
Reversed and rendered.